UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00091-KDB-DSC
5:21-cv-00092-KDB-DSC

| JUDAMEYRE MCRAE, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| JACKSON LEWIS, P.C., | ) |
| Defendant. | ) |

| JUDAMEYRE MCRAE, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| NIAGARA BOTTLING, LLC, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaints under 28 U.S.C. § 1915(e)(2) and motions to proceed in forma pauperis in Case Nos. 5:21-cv-00091 ("CV-91") and 5:21-cv-00092 ("CV-92").

**I.  BACKGROUND**

By way of background, Plaintiff Judameyre McRae ("Plaintiff") has an employment discrimination action against Defendant Niagara Bottling, LLC, pending in this Court. [Case No. 5:20-cv-00131 ("CV-131"), Doc. 8]. In that action, Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the North Carolina Equal Employment

Practices Act, N.C.G.S. § 143-422.2, survived initial review. [See CV-131, Doc. 11]. Defendant Niagara Bottling is represented by Jackson Lewis, P.C., a North Carolina law firm. [Id., Docs. 14, 15, 18]. Plaintiff has twice amended his complaint in that case, [Id., Docs. 8, 23], and, on February 2, 2021, moved to amend his complaint again, [Id., Doc. 32]. In his motion to amend, which remains pending, Plaintiff purports to assert a copyright infringement claim based on the same conduct on which the now operative Second Amended Complaint against Niagara Bottling is based. [See id.]. In that motion, Plaintiff states that he will "add a separate Defamation of character Claim." [Id.].

Then, on June 15, 2021, Plaintiff filed the instant Complaints, which he seeks to maintain separately from each other and from Case No. 5:20-cv-131. [CV-91, Doc. 1; CV-92, Doc. 1 at 4]. In the instant Complaint against Defendant Niagara Bottling, Plaintiff asserts federal question jurisdiction based on "First Amendment Defamation." [CV-92, Doc. 1 at 3]. He claims that Defendant Niagara Bottling posted Plaintiff's picture "as a THREAT," and have once again "destroyed" his character." [Id. at 4]. The posting, in addition to depicting a picture of Plaintiff, states as follows:

> FOR PRECAUTIONARY PURPOSES ONLY:
>
> If the individual pictured below (Juda McRae) is seen on company property there is a potential threat and call 911 immediately. You should also notify your supervisor ASAP.
>
> This is a good reminder that we should never let anyone who is not a current employee into the building.

[CV-91, Doc. 1-1; see also CV-131, Doc. 32 at 4]. Plaintiff alleges that Defendant Niagara Bottling is in Mooresville, Iredell County, North Carolina. [CV-92, Doc. 1 at 2]. For relief, Plaintiff seeks $20 million in damages. [CV-92, Doc. 1 at 4].

Plaintiff, on the other hand, purports to assert his Complaint against Defendant Jackson

2

Lewis pursuant to 42 U.S.C. § 1983, claiming violation of his rights under the First Amendment. [CV-91, Doc. 1 at 3]. Plaintiff alleges that Jackson Lewis authorized or directed the posting of Plaintiff's photograph at the Niagara Bottling plant without Plaintiff's or the Court's permission, which has assassinated Plaintiff's character.[1] [Id., id. at 4]. For relief, Plaintiff seeks "2 million U.S. Dollars, including punitive damages." [Id., id. at 5].

## II. MOTIONS TO PROCEED IN FORMA PAUPERIS

Plaintiff's affidavits show that Plaintiff has received an average monthly income of $640.00 during the past twelve months and that he expects to receive the same income next month. [CV-91, Doc. 2 at 1-2; CV-92, Doc. 2 at 1-2]. Plaintiff reports monthly household expenses totaling $1,181.00 exclusive of $1,000 in monthly medical expenses. [Id. at 4-5]. Plaintiff also reports that he has a motor vehicle worth $800.00, no money in any bank account, no other assets, and that he has an 18-year-old daughter that relies on him for support. [Id. at 2-3]. The Court is satisfied that Plaintiff does not have sufficient funds with which to pay the filing fees. The Plaintiff's motions to proceed in forma pauperis will be granted for the limited purpose of this review.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaints to determine whether they are subject to dismissal on the grounds that they are "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaints raise indisputably meritless legal theories or are founded upon clearly baseless factual contentions, such as fantastic or

---

[1] Plaintiff also alleges in the "Relief" section of the Complaint that Jackson Lewis has "withheld a very important email in which was sent by [Plaintiff]," which is "clear tampering with evidence." [CV-91, Doc. 1 at 5]. Plaintiff, however, does not assert any claim relative to this allegation or how it relates to the instant action. The Court, therefore, declines to address it further.

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

### A. Defendant Niagara Bottling

Plaintiff asserts that this Court has federal question jurisdiction over his Complaint against Defendant Niagara Bottling based on "First Amendment Defamation." [CV-91, Doc. 1 at 3]. Plaintiff is mistaken. The Court has no original jurisdiction over the defamation complaint Plaintiff purports to bring based on federal question jurisdiction. Defamation is a state tort claim that can be brought in federal court only through diversity jurisdiction or through the Court's exercise of supplemental jurisdiction. 28 U.S.C. § 1332; 28 U.S.C. § 1367(c)(3). Here, there is no diversity jurisdiction because the complaint is not brought between citizens of different states, see 28 U.S.C. § 1332(a)(1), and the Court cannot exercise supplemental jurisdiction where there is no claim over which it has original jurisdiction, see 28 U.S.C. § 1367(c)(3). As such, the Court has no jurisdiction over the Complaint against Defendant Niagara Bottling, and it will be dismissed.

Moreover, Plaintiff's motion to amend his Complaint in Case No. 5:20-cv-00131 purports to assert a claim based on the same facts giving rise to the instant Complaint against Niagara Bottling. As such, Plaintiff may move to amend his complaint in that action to assert a defamation claim, if he so chooses. The Court here makes no warranty regarding the merit of any such claim.

### B. Defendant Jackson Lewis

Plaintiff asserts that his Complaint against Defendant Jackson Lewis arises under 42 U.S.C. § 1983. [CV-91, Doc. 1 at 3]. To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). As such, Plaintiff has failed to state a claim against Defendant Jackson Lewis under 42 U.S.C. § 1983. The Court will, therefore, dismiss this Complaint.

Moreover, as with Plaintiff's Complaint against Defendant Niagara Bottling, there is no other basis for this Court's jurisdiction here. Defendant Jackson Lewis is a North Carolina law firm. And the Court cannot exercise supplemental jurisdiction over a defamation claim where there is no other claim over which it has original jurisdiction.

The Court will dismiss this Complaint with prejudice because any claim Plaintiff may maintain against Defendant Jackson Lewis related to Plaintiff's former employment at, or relationship with, Niagara Bottling, which seems highly dubious, is not properly brought in this Court.

### V. CONCLUSION

For the reasons stated herein, Plaintiff's Complaints will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint against Defendant Jackson Lewis, P.C. [Case No. 5:21-cv-00091-KDB-DSC, Doc. 1] is **DISMISSED with prejudice**.

2. Plaintiff's Complaint against Defendant Niagara Bottling [Case No. 5:21-cv-00092-KDB-DSC, Doc. 1] is **DISMISSED without prejudice** in accordance with the terms of this Order.

3. Plaintiff's motions to proceed in forma pauperis [Case No. 5:21-cv-00091-KDB-DSC, Doc. 2; Case No. 5:21-cv-00092-KDB-DSC, Doc. 2] are **GRANTED** in accordance with the terms of this Order.

Signed: July 15, 2021

Kenneth D. Bell
United States District Judge